BANCO DE PUERTO RICO *v.* ESTATE OF FONT.

APPEAL from the District Court of Aguadilla.

No. 257.—Decided June 15, 1908.

SUMMONS—NULLITY—REPRESENTATIVE OF AN ESTATE.—The defendant in the trial court having failed to attack the summons served upon the widow of the predecessor in interest, as the representative of the defendant estate, she having voluntarily appeared in answer to the complaint, cannot now raise the question for the first time in this court, because any defect in the service of summons was cured by her appearance.

CORPORATION—ALLEGATION OF CONSTITUTION IN COMPLAINT.—The question of failure to allege in the complaint that the plaintiff corporation was duly constituted in accordance with the laws of Porto Rico, cannot be raised for the first time on appeal, where such a defect has not been alleged either in answer or by way of demurrer in the trial court.

CONFLICTING EVIDENCE—FINDINGS THEREON BY THE TRIAL COURT.—Where the evidence is conflicting it is the province of the trial court to weigh the same, and this court will not reverse its findings unless it is shown that manifest error of fact or of law was committed by the trial court.

WRITTEN TITLE OF OWNERSHIP—THIRD PARTY—POSSESSORY TITLE.—A written title of ownership is effective as against a third party from the date of its admission to record in the registry. A possessory title will not prejudice the rights of the owner, although the latter fails to record his title, unless the possessory title is converted into a dominion title, or a title of ownership, by virtue of prescription.

RECORD OF TITLE—RECORD OF ANOTHER TITLE OF THE SAME OR A PRIOR DATE.—
    Where a dominion or possessory title is recorded in the registry, no other
    title of the same or prior ·date conveying or encumbering the same property
    may be recorded therein.

PRESCRIPTION—PROPER TITLE—THIRD PARTY.—Prescription, for which a proper
    title is necessary, does not operate to the prejudice of a third party, unless
    such title is recorded in the registry of property.

ID.—ALLEGATION.—To successfully allege prescription it is necessary specifically
    to cite the legal provisions upon which prescription is based.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

*Mr. Sarmiento* for respondent..

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the
court.

By public deed executed in this city before Santiago R.
Palmer, a notary thereof, on June 29, 1899, Augstin Ma. Font
y Feliú, on behalf of his mother, Juana Josefa Feliú y Nieves,
acknowledged an indebtedness to the Banco Español de Puer-
to Rico, in the sum of 14,000 provincial *pesos* which had been
loaned her, with the agreement to return said sum in the in-
stallments mentioned in said deed, and mortgaging in its fa-
vor to secure the payment a rural estate belonging to his prin-
cipal, having an area of 324.22 *cuerdas,* situated in the *barrio*
Hato Arriba, in the municipal district of San Sebastián, which
she had acquired from Juana Josefa Feliú y Nieves as part of
her share in the division of the estate of her deceased husband,
Agustin Pascasio Font y Medina, approved by order of March
23, 1891, and recorded in the registry of property of Agua-
dilla, as was also in the same registry the mortgage deed to
which reference has been made.

Subsequently, by another deed of June 26, 1905, executed
before Notary Juan Mercader y Rodríguez, Juana Josefa
Feliú y Nieves assigned to the Banco de Puerto Rico, formerly
the Banco Español de Puerto Rico, in payment of the sum
which she owed it and 100 *pesos* more, the said mortgaged
estate of 324.22 *cuerdas,* in *barrio* Hato Arriba, in the munic-
ipal district of San Sebastián, which the bank later sold to

Victor Martínez, giving him possesion thereof, with the exception of 35 *cuerdas* which it could not deliver to him because the Estate of Agustin M. Font y Feliú represented by the widow, Evarista Echandia, was in possession thereof, and the latter alleged that it belonged to her. The deed of assignment to the Banco de Puerto Rico, just mentioned, was also recorded in due time in the registry of property of Aguadilla.

In view of the objection of Evarista Echandia to deliver to the bank the 35 *cuerdas* which the latter claims as its property, on July 1, 1907, the Banco de Puerto Rico filed in the District Court of Aguadilla the complaint which gave rise to this action, wherein, exercising a real action for recovery against the said Evarista Echandia, as the representative of the estate of her deceased husband, Agustín M. Font y Feliú, it concluded by praying the court to render judgment in due time adjudging her to deliver and leave at the free disposition of the Banco de Puerto Rico the 35 *cuerdas* of land described in the second allegation of the complaint, with costs.

Evarista Echandia having been summoned as the representative of the defendant estate, she appeared through her counsel, Attorney Carlos Franco Soto, and contested the complaint, alleging that said estate of 35 *cuerdas* of land, the subject matter of the claim of the bank, had been purchased by her predecessor in interest, Agustin M. Font y Feliú, from Francisco Juliá y Masó, by public deed of March 6, 1894, executed before Juan Arroyo y Budia, a notary of Aguadilla, which estate, after the institution of proceedings to establish possession by the said purchaser, Agustín M. Font y Feliú, which were approved by the Aguadilla court on March 15, 1894, had been recorded in his name in the registry of property of said district. That the predecessor in interest of Agustin M. Font y Feliú—that is to say, Francisco Juliá y Masó—acquired the 35 *cuerdas* of land in question by award in execution proceedings prosecuted by Juliá against the estate of Rosa Medina, in payment of 1,750 *pesos,* the balance of a mortgage credit for a larger amount constituted by said

Mrs. Medina in favor of the firm of Amell Juliá & Co. upon a large estate, which, by virtue of successive partial segregations, had become reduced to the 35 *cuerdas* in question, which had been attached by Amell Juliá & Co. when they sought to recover the balance of 1,750 *pesos* of their credit. That said estate of 35 *cuerdas* is not nor has it ever formed part of the 324 *cuerdas* acquired by the bank and which had belonged to the deceased, Agustin Font y Medina, who, although he did acquire part of the estates mortgaged by Rosa Medina to Amell Juliá & Co. by mortgage deed of September 18, 1869, this was not the case with the 35 *cuerdas* in question which were attached, execution being levied thereon by Amell Juliá & Co., in whose possession the same were then attached by Attorney Salvador Amell y Masó in satisfaction of professional fees. The latter, in his turn, assigned and conveyed the award of said tract of land to Francisco Juliá y Masó in payment of money received. That Agustin Font y Feliú, the predecessor in interest of the defendant estate, possessed said 35 *cuerdas* of land since the acquisition thereof in the year 1894, from which date to that of the filing of the complaint 12 or 13 years have elapsed, during which the predecessor in interest, Agustin Font y Feliú, first, and thereafter his heirs, have been possessing the 35 *cuerdas* of land as owners, publicly and peacefully and without interruption. And, finally, that both the mortgage deed executed by Juana Feliú y Nieves in favor of the Banco Español de Puerto Rico on February 17, 1902, and that of the award in payment in favor of the bank of June 26, 1905, as also their record in the registry of property of Aguadilla, are subsequent to the record of the possessory judgment in favor of Agustin Font y Feliú, the predecessor in interest of the defendant estate, who recorded it in May, 1894. On these grounds the defendant concluded with the prayer that the court dismiss the complaint, with the costs against the plaintiff.

The trial having been had and the evidence submitted by both parties, consisting of public and private documents and

the testimony of the witnesses, having been admitted, the Judge of the District Court of Aguadilla rendered judgment on January 22, 1908, as follows:

"On January 17, 1908, this cause was called for trial in its order on the calendar, the party plaintiff appearing through its counsel, Antonio Sarmiento, and the defendant estate through their counsel, Carlos Franco Soto. The parties read their briefs and the court, after hearing the evidence introduced by them and the arguments of counsel, reserved judgment.

"The court this day holds that the law and the facts are in favor of the plaintiff and consequently should and does order that the Banco de Puerto Rico have and recover from the Estate of Agustin M. Font y Feliú the possession of the 35 *cuerdas* of land described in the second statement of fact of the complaint; it is further ordered that said defendant estate pay all the costs of these proceedings; and that execution issue against its property for the satisfaction of this judgment. Aguadilla, January 22, 1908. Arturo Aponte, Judge of the Court. Attest: José Besosa y Mestre, Secretary of the Court."

The defendant estate took an appeal from this judgment on February 1 following, and the transcript of the record having been received in this Supreme Court, together with a copy of the statement of facts approved by the judge with the amendments of the respondent, and counsel for both parties having filed their briefs, the hearing was had with the attendance only of counsel for the bank, who presented such arguments as were deemed pertinent to his case.

Counsel for the appellants alleges in the first place in his brief, that the defendant estate having been summoned in the person of the widow, Evarista Echandia, who had no authority whatsoever to represent the heirs, and the bank having failed to state in its complaint whether it was a corporation duly organized in accordance with the laws of Porto Rico, the summons should be considered void and the complaint improperly brought, for which reason the judgment of the lower court should be reversed.

But these allegations are of no value in this appeal as they were not made in the first instance either by demurrer or by answer, and consequently it is to be assumed that the defendant estate accepted the capacity of both parties, especially when the estate appeared subsequently through its counsel and answered the complaint without making the slightest objection as to the nullity of the summons and the capacity of the bank; wherefore, had any error been committed in the procedure it would have been cured by the acquiescence therein of the defendant estate and its willingness to appear in the action and make answer to the complaint, without taking any exception on either of these two grounds whereby the capacity of the plaintiff was impliedly recognized, and any error which might have been committed in the summons was cured in accordance with section 98 of the Code of Civil Procedure, which provides that "the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

Passing then to the merits of the case, the appellants affirm that the judgment of the Aguadilla court is not supported either by the facts or the law which, nevertheless, were held to be in favor of the plaintiff; that the question to be settled in this matter is not one of identification, but a question of title; that if all the evidence which had been embodied in a statement of facts in order that it may be considered by this Supreme Court is carefully and thoroughly examined, it will be observed that the title or right to what the plaintiff claims is unquestionably vested in the defendants.

Nevertheless, apart from the fact that it is a legal doctrine of American jurisprudence, which this Supreme Court has applied on a number of occasions, that in cases of conflict in the evidence, as happens here, the findings thereon are exclusively within the province of the trial court, and that it must be upheld by the appellate court unless it be shown that the lower court committed manifest error of fact or of law—a doctrine which there is no reason to disregard to apply in

this case—we find that the judge of the Aguadilla court has not committed any error in weighing the evidence, but that, on the contrary, his findings thereon were correct.

In the first place, because the titles of the Banco de Puerto Rico are titles of ownership recorded in the registry of property, and it is known that recorded titles are effective to the prejudice of third persons from the date of the record, in accordance with the provisions of the Mortgage Law in force, while the defendant estate has no other title than a proceeding to establish possession, which in accordance with the provisions of article 394 of the said Mortgage Law, do not prejudice the right of the owner, even though he shall not have recorded it, unless prescription should have validated the ownership, which has not occurred in this case as we will see later; and although counsel for the appellant alleges that as they had their possession recorded since the year 1894, the bank could not record its titles of ownership, which are subsequent thereto, because it is not authorized by the provisions of article 17 of the said Mortgage Law according to which—

"After any instrument transfering the ownership or possession of realty, or of property rights thereto, has been recorded or a cautionary notice thereof made in the registry, no other instrument of the same or of a previous date may be recorded or noted by which the ownership of the same estate or property right is transferred or encumbered."

—apart from the incorrect citation, because article 17 above-transcribed prohibits that after the record or entry of the ownership or possession of real property, another title of the same or of a previous date be recorded by which the ownership of the same estate is assigned or encumbered which is not applicable to this case, because the title of ownership of the bank is subsequent to the record of possession of Agustin Font y Feliú, the argument redounds against the party adducing it, because as the ownership of the 324 *cuerdas* of land sold the bank, of which 35 involved in these proceedings form part, had been recorded since 1891 by the former owner and

possessor of said lands, Juana Josefa Font y Nieves, who later mortgaged them to the Banco de Puerto Rico, and then still later assigned them in payment of what she owed, as shown by the certificate issued by the Registrar of Property of Aguadilla, introduced by the defendant at the trial and admitted without objection as evidence, Agustin Font y Feliú, the predecessor in interest of the defendant estate, could not validly record the possession of said 35 *cuerdas* in 1894—that is to say, three years later—because he was prevented from so doing, not by article 17 of the Mortgage Law incorrectly cited by the counsel for the appellants, but by article 20 of said law, which provides that deeds issued by a person different from that in whose favor the property is recorded, cannot be recorded by the registrar.

Counsel for the appellants alleges furthermore, that having possessed the 35 *cuerdas* of land in question quietly and peacefully and without interruption, beginning with the possession of their predecessor in interest since the year 1894, when the latter acquired them by purchase from Francisco Juliá y Masó, the 12 or 13 years of possession, with good faith and a just title, which have elapsed since then to the date the complaint was filed, would be sufficient to vest the property of said lands in the defendant estate by prescription; but as it would be necessary for this that Agustin Font y Feliú, or his predecessors in interest should have recorded their title in the registry of property, in accordance with the provisions of article 35 of the Mortgage Law, which provides that "prescription which requires a just title shall not prejudice a third person if such title is not recorded in the registry," and we have seen that Agustin Font y Feliú did not record his title which was represented by the deed of sale executed in his favor by Francisco Juliá in 1894, but recorded a possessory title, which record was made in violation of the cardinal precepts of the Mortgage Law, for which reason it is null and void from every standpoint; we find, then, that the allegation of prescription is admissible in this case, especially when it

was not pleaded in the explicit and clear manner required by section 128 of the Code of Civil Procedure—that is to say, stating that the action of the plaintiff is barred by law, and specifically and precisely citing said law, which was not done in the answer to the complaint.

Consequently, the identity of the 35 *cuerdas* of land claimed by the bank as part and parcel of the 324 *cuerdas* covered by its titles of ownership not being the point at issue in the present case, since the appellants themselves admit that the question involved is not one of identity of land, but of priority of title, which point, on the other hand, is made entirely plain by the testimony of Victor Martínez, who is perfectly acquainted with the property, he having intervened in the work of the division of the estate of Agustin Pascasio Font y Medina, to whom it belonged, said property having been awarded to his widow, Juana Josefa Font y Nieves in part payment of her share, and also by the testimony of surveyor Pedro Viadé, who alleges that he had been directed by the bank to survey the estate in question and determine its boundaries, and asserts that the 35 *cuerdas* of land held by Evarista Echandia are comprised within the boundaries of the 324 *cuerdas* referred to in the deed of the bank, all of which testimony is included in the statement of facts approved by the judge of the trial court and forwarded to this Supreme Court with the other transcripts of the record; for all these reasons and the other grounds set forth in this opinion, the undersigned is of the opinion that the judgment appealed from on January 22, 1908, should be affirmed in every respect, with the costs of this appeal against the appellants.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Justice MacLeary did not sit at the hearing of this case.